# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM M. WERNER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, William M. Werner, by and through his attorney, David Patrick Hall, attorney at law, and for his complaint against the Defendant, Auto-Owners Insurance Company, and states as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff William M. Werner (hereinafter "Werner") is an individual resident and citizen of the State of Illinois.

2. Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners") is not a citizen of Illinois for purposes of diversity of citizenship. Auto-Owners is a Michigan corporation with its principal place of business in the State of Michigan, and as such is a citizen of the State of Michigan.

3. Werner is seeking actual damages under the policy of $182,700 for Auto-Owners' refusal to pay for covered damages to Werner's property, plus attorneys fees and additional damages of $109,620 for unreasonable and vexatious conduct by an insurer pursuant to 215 ILCS 5/155.

4. There is a diversity of citizenship between Plaintiff and Defendant, and the amount in

controversy exceeds $75,000, such that federal jurisdiction pursuant to 28 U.S.C. § 1332 is proper.

5. This matter concerns a dispute regarding insurance coverage for Werner's property located in Sangamon County, Illinois.

6. Venue is therefore proper in the Central District of Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Werner has owned for many years, a residence located at 4986 Oak Terrace Lane, in Springfield, Illinois (hereinafter the "residence".

8. Werner's property is located in Sangamon County, Illinois.

9. Werner insured the property for many years through Defendant, Auto-Owners.

10. The policy at issue in this litigation, Policy # 43-147-840-01, was effective from 12:01 a.m. on November 19, 2016 through 12:01 a.m. November 19, 2017.  (A true and correct copy of the policy is attached hereto as Exhibit 1)

11. The policy provided coverage of $174,000 for Werner's dwelling.  (See Exhibit 1)

12. The policy provided for a payment of up to 5% of the dwelling coverage amount for Debris removal under additional coverages.  (See Exhibit 1)

13. On May 24, 2013 a foreclosure action was filed against Werner with regard to the residence, as Case No. 2013 CH 533, in the circuit court of Sangamon County, Illinois.

14. On July 26,  2013, a default judgment of foreclosure was entered against Werner.

15. On August 20, 2013, Werner filed a bankruptcy petition in the Central District of Illinois, Case No. 13-71622.

16. On March 20, 2017,  the lender obtained relief from the bankruptcy stay.

17. A judicial sale was held, over Werner's objection, on June 14, 2017, in the foreclosure action.

18. Werner raised objections to the sale, but the sale was confirmed on October 27, 2017.

19. Werner filed a motion for reconsideration of the confirmation of the judicial sale on November 27, 2017.  That motion remains pending in the Sangamon County circuit court.

20. The judicial sale successful bidder bid on the property as an accommodation to Werner.

21. On April 6, 2018 Werner entered into a written agreement for an assignment of all rights of the judicial sale purchaser.  (See attached Exhibit 2)

22. Werner has since the acquisition of the property, and at all relevant times, remained in continuous possession and control of the residence.

23. The circuit court has not entered any order for Werner to vacate the premises.

24. Since his acquisition of the property, Werner has continuously been listed by the Sangamon County Treasurer as the party responsible for payment of the real estate taxes.

25. The residence was destroyed by fire on July 31, 2017.

26. That the cost to rebuild the residence is in excess of $174,000.  (See Werner's supplemental proof of loss attached hereto as Exhibit 3)

27. That the cost of debris removal exceeds the 5% of the dwelling coverage, or $8,700, provided by the additional coverages in the policy.  (See Exhibit 3)

28. That Werner has therefore requested payment of the policy limits for replacement of the dwelling and debris removal.  (See attached Exhibit 4 and Exhibit 3)

29. Auto-Owners has previously made payment for Werner's possessions damaged or destroyed by the fire.  (See attached Exhibit 5)

30. Despite payment of Werner's claim for damaged or destroyed personal possessions, Auto-Owners has denied payment of Werner's claim for dwelling coverage, claiming that Werner had no insurable interest in the residence at the time of the loss.  (See attached Exhibit 6)

31. Werner promptly notified Auto-Owners of the fire damage to the residence.

32. Werner has substantially performed all conditions required for payment of the claim by Auto-Owners, including but not limited to giving prompt notice of the loss, and cooperating with the insurer's investigation of the claim.

33. That Werner has not yet been able to replace the residence, due to Auto-Owners refusal to pay for the damages sustained.

**Count I – Breach of Contract**

Werner hereby repeats and re-alleges paragraphs 7-33 of the allegations common to all counts as paragraphs 1-27 of this count.

28.  The insurance policy issued by Auto-Owners contractually obligated Auto-Owners to pay for damages sustained to the residence under the dwelling coverage of the policy. (See Exhibit 1)

29. Auto-Owners has denied payment of the claim stating that Werner had no insurable interest in the property at the time of the loss.  (See Exhibit 6)

30. Werner was in lawful possession of the residence at the time of the loss due to fire.

31. At the time of and subsequent to the time of the loss, Werner maintained the right to lawful possession of the residence.

32. Werner was never stripped of his right to lawful possession of the premises, and his right

to possession has never been terminated.

33. Auto-Owners has breached its contractual duties to pay for damages sustained by an insured, by failing and refusing to pay for fire damage to the residence.

34. The damage sustained by the residence exceeded the policy limits of $174,000 for the dwelling coverage and 5% thereof, or $8,700 for debris removal provided by the policy, and demanded by Werner. (See Exhibit 3)

35. Werner has been damaged in the amount of $182,700 by Auto-Owners refusal to pay for the damages in the amounts as provided by the insurance policy in effect at the time of the loss. (See Exhibit 1)

WHEREFORE, Werner prays this honorable Court enter judgment in his favor and against Defendant, Auto-Owners Insurance company as follows:

a. Awarding Werner $174,000 under the dwelling coverage provisions of the policy;

b. Awarding Werner an additional 5%, or $8,700 under the policy for debris removal;

c. Awarding prejudgment interest on the judgment against Auto-Owners;

d. Awarding Werner his costs of this action; and,

e. Granting such other and further relief as is just in the circumstances.

### Count II – Unreasonable and Vexatious Conduct
### Pursuant to 215 ILCS 5/155

Werner hereby repeats and re-alleges paragraphs 1-35 of Count I as paragraphs 1-35 of this

count.

36. That prior to obtaining counsel in this matter, Werner had informed Auto-Owners of the loss from fire on July 31, 2017.

37. That Werner made all efforts to cooperate with Montgomery Barrick, the adjuster assigned to the claim by Auto-Owners.

38. That Werner made all efforts to provide any and all information and documentation requested by the adjuster, Mr. Barrick, at various times.

39. That Mr. Barrick failed and refused to provide timely or accurate information to Werner regarding the administration or status of his claim.

40. That Barrick and Auto-Owners failed and refused to provide any assistance to Werner in processing his claim or obtaining estimates of the loss, despite having knowledge that many of Werner's records and documents had been destroyed in the fire.

41. That the conduct of Barrick and Auto-Owners appears calculated to discourage or prevent Werner from submitting his claim for loss under the policy.

42. That due to the treatment he was receiving from Mr. Barrick and Auto-Owners, Werner felt compelled to retain counsel to represent him in this matter.

43. That Mr. Barrick informed Werner that the proof of loss was insufficient in some manner; but that despite requests from Werner and his counsel, Barrick refused to specify in what regard he and Auto-Owners deemed the proof of loss to be insufficient, and also refused to provide a template or any guidance to allow Werner to submit a proof of loss in a form that would be deemed acceptable by Barrick and Auto-Owners. (See attached Exhibit 7)

44. That the conduct of Barrick and Auto-Owners in failing and refusing to provide any

guidance or assistance to Werner in submitting his claim is in violation of 215 ILCS 154.6(o).  (See also Exhibit 4)

45. That Werner did submit a supplemental proof of loss on July 18, 2018, (see attached Exhibit 3), but Auto-Owners has not responded to that supplemental proof of loss at the time of filing this action.

46. That Werner did make a demand for payment of his fire losses within the coverage limits provided by the policy (see attached Exhibits 3 and 4), but Auto-Owners has not responded to that demand at the time of filing this action.

47. That the acts and omissions of Auto-Owners and their agent Mr. Barrick complained of herein, and yet to be discovered in this matter, constitute unreasonable and vexatious conduct by the insurer.

48. That 215 ILCS 5/155 provides for an award of additional damages and attorney's fees for an insurer's unreasonable and vexatious conduct.

49. That Werner has been required to retain the services of an attorney to commence this action, and is entitled to attorney's fees and costs.

50. That Werner is entitled to attorney fees and costs, plus an additional amount pursuant to 215 ILCS 5/155, as a result of Auto-Owners vexatious and unreasonable conduct in settling the claim.

51.  That Auto-Owners has offered nothing in settlement of the claim prior to Werner's having to file this action.

52. That by statute, Werner is therefore entitled to an additional amount of 60% of $182,700, or $109,620, in addition to attorneys fees and costs, for Auto-Owners unreasonable and vexatious conduct.

WHEREFORE, Werner prays this honorable Court enter judgment in his favor and against Defendant, Auto-Owners Insurance company as follows:

a. Awarding Werner additional damages of $109,620, or 60% of $182,700, for Auto-Owners unreasonable and vexatious conduct, pursuant to 215 ILCS 5/155;

b. Awarding Werner his attorney's fees pursuant to 215 ILCS 5/155;

c. Awarding Werner his costs of this action; and,

d. Granting such other and further relief as is just in the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

> Respectfully submitted,
> William M. Werner, Plaintiff
>
> __s/David Patrick Hall_____
> By: David Patrick Hall, his attorney

David Patrick Hall
Attorney at Law
Attorney for: Plaintiff
1118 South Sixth Street
Springfield, Illinois 62703
(217) 544-7370
Registration No. 6225105
davehall@motion.net