# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM M. WERNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 18-cv-3190 |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY. | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Defendant Auto-Owners Insurance Company's (Auto-Owners) Motion for Summary Judgment (d/e 28) (Auto-Owners Motion) and Plaintiff William M. Werner's Motion for Summary Judgment (d/e 35) (Werner Motion). For the reasons set forth below, the Werner Motion and the Auto-Owners Motion are each ALLOWED in part and DENIED in part.

## STATEMENT OF FACTS

Werner owned a home located at 4986 Oak Terrace Lane, Springfield, Illinois (Residence).  The Residence was subject to a mortgage (Mortgage) held by mortgagee Nationstar Mortgage, LLC (Nationstar).

On May 24, 2013, Nationstar commenced a foreclosure action to foreclose the Mortgage on the Residence.  <u>Nationstar Mortgage LLC v. Werner</u>, Sangamon County, Illinois, Circuit Court No. 2013-CH-533 (Foreclosure Action).  On July 26, 2013, Nationstar secured a Foreclosure Judgment.  <u>Auto-Owners Motion</u>, Exhibit D, <u>Judgment of Foreclosure and Sale (Foreclosure Judgment)</u>, at 1.  The Foreclosure Judgment found that Werner owed Nationstar $80,398.73 secured by the Mortgage and authorized Nationstar to proceed to a sale of the Residence after Werner's statutory right of redemption expired December 1, 2013.  <u>Id.</u> at 3, 5; <u>see</u> 735 ILCS 5/1603.

On August 20, 2013, Werner filed a petition in bankruptcy.  <u>Auto-Owners Motion</u>, <u>Statement of Undisputed Fact</u> ¶ 7.[1]

In November 2016, Auto-Owners issued an insurance policy (Policy) to Werner insuring the Residence for a one-year term from November 19, 2016 through November 19, 2017.  The Policy stated in relevant part:

---

[1] The Court cites to a party's statement of undisputed fact that the opposing party agrees is undisputed.

SECTION I – PROPERTY PROTECTION

1. COVERAGES

    a. Coverage A – Dwelling

(1) Covered Property

"We cover:

    (a)   Your dwelling located at the residence premises including structures attached to that dwelling. This dwelling must be used principally as your private residence.

\* \* \*

6. CONDITIONS

    a. INSURABLE INTEREST

    Subject to the applicable limit of insurance, we will not pay more than the insurable interest the insured has in the covered property at the time of loss.

<u>Auto-Owners Motion</u>, Exhibit L, <u>Policy</u>, at 3, 12.  The policy limit was $174,000.00.  The limit could be increased slightly by rolling over other coverages.  The Policy would also pay up to five percent of the cost of debris removal if cost of debris removal exceeded the policy limit.  <u>Werner Motion</u>, <u>Statement of Undisputed Fact</u> ¶¶ 22 and 24.

On February 27, 2017, Nationstar moved to lift the automatic stay in Werner's bankruptcy proceeding. See 11 U.S.C. § 362. On March 20, 2017, the Bankruptcy Court lifted the stay. On June 14, 2017, the Sangamon County, Illinois, Sheriff's Office conducted a judicial sale of the Residence authorized in the Foreclosure Judgment pursuant to 735 ILCS 5/15-1507 (Judicial Sale). An entity called Triple J Property Brothers purchased the Residence at the Judicial Sale for $23,606.00. Auto-Owners Motion, Statements of Undisputed Fact ¶¶ 7-9; see Auto-Owners Motion, Foreclosure Action Order Confirming Report of Sale and Distribution entered October 27, 2017, and for Possession (Confirmation Order), at 1. On July 14, 2017, Nationstar filed a Motion to confirm the Judicial Sale. Foreclosure Action, Docket of Proceedings, available at records.sangmamoncountycircuitclerk.org/sccc/DisplayDocket.sc, visited on March 30, 2021 (Foreclosure Action Docket).[2]

On July 31, 2017, the Residence was destroyed by a fire (Fire). On or about August 7, 2017, Werner's sister reported the destruction of the Residence by the Fire to Auto-Owners. On or

---

[2] The Court takes judicial notice of the public record Docket of Proceedings in the Foreclosure Action.

about August 8, 2017, Auto-Owners' representative Montgomery Barrick inspected the Residence with Werner. <u>Auto-Owners Motion</u>, <u>Statement of Undisputed Fact</u>, ¶¶ 18-24; <u>Werner Motion</u>, <u>Statement of Undisputed Fact</u> ¶¶ 15-16.

On September 7, 2017, Werner filed objections to confirmation of the Judicial Sale. <u>Plaintiff's Response to Defendant's Motion for Summary Judgment (d/e 29) (Werner Response)</u>, attached <u>Foreclosure Action</u> <u>Objection to Confirmation of Sale</u>.

On October 27, 2017, the Sangamon County Circuit Court confirmed the Foreclosure Sale of the Residence. The Confirmation Order stated the sale was fairly and properly made. The $23,606.00 in proceeds were ordered distributed to Nationstar. The Confirmation Order did not award a deficiency judgment against Werner. The Confirmation Order stated that Werner had to vacate the Residence within 30 days after the date of the Confirmation Order. <u>Confirmation Order</u>.

On December 15, 2017, Auto-Owners sent Werner a Reservation of Rights Letter informing Werner that his insurable interest in the dwelling was at issue. Auto-Owners paid Werner's claim for that damage to the contents of the Residence. <u>Werner

Motion, Statement of Undisputed Fact ¶ 32.  On March 5, 2018, Auto-Owners denied Werner's claim for the loss of the Residence in the Fire because he had no insurable interest in the Residence at the time of the Fire.  Auto-Owners Motion, Exhibit N, Letter to Werner's counsel dated March 5, 2018 (Denial Letter).

## ANALYSIS

Werner brings a claim against Auto-Owners for breach of contract for breaching the Policy by denying his claim (Count I), and a claim for vexatious delay in settling Werner's claim in violation of 215 ILCS 5/155.  Both parties move for summary judgment.  Complaint (d/e 1).  At summary judgment, the movant must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the non-moving party.  Any doubt as to the existence of a genuine issue for trial must be resolved against the movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once the movant has met its burden, the non-moving party must present evidence to show that issues of fact remain with respect to an issue essential to the non-moving party's case, and on

which the non-moving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The elements of Werner's claim for breach of contract are "the existence of a valid and enforceable contract, performance by the plaintiff, breach of contract by the defendant, and damages or injury to the plaintiff resulting from the breach." Carlson v. Rehabilitation Institute of Chicago, 2016 IL App (1st) 143853 ¶ 13 (March 15, 2016). In this case, the existence of the Policy as a valid and enforceable contract is undisputed and Werner's performance by notice to Auto-Owners of the Fire and his claim of loss is also undisputed. The issues are whether refusal to pay Werner's claim was a breach and if so the amount of damage to Werner.

The Policy provided that Auto-Owners would pay Werner the amount of the loss up to the value of his insurable interest in the Residence on the date of the loss. The Illinois Supreme Court has explained the concept of an insurable interest in property:

> [A]ny person has an insurable interest in property by the existence of which he receives a benefit or by the destruction of which he will suffer a loss, whether he has

any title in or lien upon or possession of the property itself. . . .  A person having a direct pecuniary interest in the property destroyed, so as to be damaged by its destruction, has an insurable interest.

Home Ins. Co. of New York v. Mendenhall, 164 Ill. 458, 464, 45 N.E. 1078, 1079 (1897); see Reznick v. Home Ins. Co., 45 Ill.App.3d 1058, 1061, 360 N.E.2d 461, 463, (Ill. App. 1st Dist. 1977) ("Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer loss or disadvantage by its destruction.") (quoting Couch on Insurance 2d § 24:13); see also Hawkeye-Security Ins. Co. v. Reeg, 128 Ill.App.3d 352, 355, 470 N.E.2d 1103, 1105 (5th Dist. 1984).  Thus, the issue is whether Werner had an interest in the Residence that had pecuniary value at the time of the Fire and, if so, the value of Werner's insurable interest at the time of the Fire.

Auto-Owners denied Werner's claim because Auto-Owners determined that Werner did not have an insurable interest in the Residence at the time of the Fire.  Auto-Owners relied on Illinois caselaw that held that a mortgagor's insurable interest in the property subject to foreclosure ended when his right of redemption

ended.  See Trustees of Schools v. St. Paul Fire & Marine Ins. Co., 296 Ill. 99, 100, 129 N.E. 567, 568 (Ill. 1920); Stephens v. Illinois Mut. Fire Ins., Co, 43 Ill. 327, 330-31 (Ill. 1867); City of Chicago v. Maynur, 28 Ill. App. 3d 751, 755, 329 N.E.2d 312, 315 (Ill. App. 1st Dist. 1975).  Auto-Owners took the position based on these cases that once a mortgagor lost the right to redeem, he had no insurable interest.  Werner had a statutory right of redemption that ended seven months after the entry of the Foreclosure Judgment.  735 ILCS 5/15-1603.  Werner may also have had an equitable right of redemption.  See First Illinois National Bank v. Hans, 143 Ill.App.3d 1033, 1037, 493 N.E.2d 1171, 1074 (Ill. App. 2d Dist. 1986).  Any equitable right of redemption ended by statute at the Judicial Sale.  735 ILCS 5/15-1605.  Auto-Owners, therefore, concluded that Werner's insurable interest ended at the June 14, 2017 Judicial Sale.[3]  He had no insurable interest at the time of the Fire on July 31, 2017.

---

[3] A homeowner may have a special right to redeem after confirmation if the mortgagee purchases the home at the foreclosure sale and certain other conditions are met.  735 ILCS 5/15-1604.  Nationstar did not purchase the Residence at the foreclosure sale so this provision does not apply in this case.

Werner argues that Auto-Owners improperly relied on caselaw interpreting the prior Illinois foreclosure statute. Under the prior foreclosure statute, the right of redemption ended six months after the foreclosure sale, at which point the purchaser was entitled to a deed to the property free and clear of the mortgagor's interest. See Ill. Rev. Stat. ch.110 ¶12-128 (1985) (repealed) (right of redemption ended six months after the foreclosure sale). In 1987, Illinois passed the Illinois Mortgage Foreclosure Law (IMFL). 735 ILCS 5/151101 et seq. The IMFL changed the sequence of events in a foreclosure. Under the IMFL, the statutory right of redemption ended seven months after the foreclosure judgment and before the foreclosure sale and any equitable right of redemption ended at the foreclosure sale. 735 ILCS 5/15-1603 and 5/15-1605. The purchaser was entitled to a deed on confirmation of the sale, and the mortgagor of residential real estate, such as Werner, was entitled to possession until 30 days after confirmation absent good cause shown. 735 ILCS 5/15-1701 (b) and (c)(1). Werner argues that he had an insurable interest in the Residence on July 31, 2017 because he had the right to possess the Residence until 30 days

after confirmation of the Judicial Sale and the Judicial Sale was not confirmed until October.

Werner cites the same pre-IMFL cases cited by Auto-Owners for the proposition that an insured mortgagor who has an insurable interest in property in foreclosure is entitled to recover for an insured loss up to the full value of the property. Trustees of Schools, 296 Ill. at 102, 129 N.E. at 568-69; Maynur, 28 Ill.App.3d at 755, 329 N.E.2d at 315. Werner argues that he had an insurable interest and was entitled to recover the full value of the Residence destroyed in the Fire up to the Policy limits.

The Court agrees with Werner that the IMFL changed the sequence of the events in a foreclosure proceeding and extended a mortgagor's insurable interest in residential real estate past the termination of the redemption period. A foreclosure proceeding allows a mortgagee to force the sale of the mortgaged property to satisfy the debt secured by the mortgage. The plaintiff mortgagee joins to the foreclosure proceeding the mortgagor, all other creditors that have liens on the property, and all others who have interests in the property. The foreclosure judgment determines the validity and priority of the parties' interests in the mortgaged property and

authorizes a sale. The purchaser at the sale, upon confirmation of the sale, takes title to the property free and clear of all the claims of the parties to the foreclosure action, and the proceeds of the sale are distributed in order of priority to the parties to the action.

The defendant mortgagor in the foreclosure process has a right of redemption, either statutory or equitable. The right of redemption entitles the mortgagor to redeem the property out of foreclosure and retain full ownership of the property by paying off the mortgagee. See e.g., 735 ILCS 5/15-1603(d) (defining the amount that must be paid to redeem the property). Under prior Illinois law, the mortgagor retained the right of redemption for six months after the sale. So, for six months after the sale, the mortgagor had the right to recover complete ownership of the property if he could pay off the mortgage debt in full. The Illinois Supreme Court in Trustees of Schools determined that under those circumstances, the mortgagor whose insured property was destroyed by fire was entitled to recover the full value of the property. The mortgagor could still redeem the property and keep the full title to the property. That right to redeem gave the

mortgagor an insurable interest in the full value of the property. Trustees of Schools, 296 Ill. at 102, 129 N.E. at 568-69.

The IMFL changed when the mortgagor lost the right of redemption in a foreclosure proceeding. The mortgagor's statutory right to redeem the property out of foreclosure and keep the full title to the property now ends seven months after the foreclosure judgment and before the sale, and any equitable right to redeem ends at the sale. After the sale, the mortgagor has no right of redemption and so, no right to recover the full title to the property by paying off the mortgagee.

The mortgagor of residential real estate still has the right to possess the property until 30 days after confirmation absent good cause shown. The mortgagor's right to possess has a value because the mortgagor does not have to pay the cost of alternative housing during this period. The mortgagor's interest in the property, therefore, still exists after the foreclosure sale, but that interest is materially less valuable after the sale than under prior law. The mortgagor of residential real estate no longer has a legal right to take back the title to the property by paying the mortgagee; the

mortgagor only has a temporary right to possession after the foreclosure sale until 30 days after confirmation of the sale.

This Court must determine how the Illinois Supreme Court would decide how the change in the mortgagor's rights after the judicial sale under the IMFL would affect the value of the mortgagor's insurable interest after the judicial sale.  See e.g., Lexington Ins. Co. v. Rugg & Knopp, Inc., 165 F.3d 1087, 1090 (7th Cir. 1999) (A federal court must determine how a State's highest court would decide an open question of state law).  The Court determines that the Illinois Supreme Court would hold that after enactment of the IMFL, the mortgagor has an insurable interest in residential real estate because of the mortgagor's right to possession from the judicial sale until 30 days after confirmation.  That right has a pecuniary value, and so, is an insurable interest.

The value of the mortgagor's insurable interest after the judicial sale under the IMFL is the value of the right to possess the foreclosed residential real estate until 30 days after confirmation.  The right to possession is the mortgagor's only interest in the foreclosed property after the foreclosure sale.  The right of redemption is gone.  The Illinois Supreme Court would hold that the

amount of Werner's loss would be the reduction in the value of the right to possession caused by the July 31, 2017 Fire.

Werner cites to Household Bank, FSB v. Lewis, 229 Ill.2d 173, 181-83, 890 N.E.2d 934, 939-40 (Ill. 2008), for the proposition that a foreclosure sale is not complete until confirmation, so Werner could still recover the full value of the property. The Court disagrees. The Household Bank case holds that the plaintiff mortgagee can ask the court to vacate a foreclosure sale if the mortgagee finds a better offer. Id. 229 Ill.2d at 183, 890 N.E.2d at 940. The Household Bank case does not hold that the defendant mortgagor can ask the court to vacate a foreclosure sale. The mortgagor's right to redeem, and so, the right to stop the foreclosure and recover the property, ends at the foreclosure sale. 735 ILCS 5/15-1603 and 15-1605. After the foreclosure sale, the mortgagor has only the limited right to temporary possession of residential real estate until 30 days after confirmation.[4]

The Court finds that Auto-Owners had an obligation under the Policy to pay Werner for the value of his insurable interest at the

---

[4] Werner also cites Adams v. Allstate Insurance, 723 F.Supp. 111 (E.D. Ark. 1989). The Adams decision interpreted Arkansas foreclosure law and is not relevant to this case.

time of the Fire.  Werner is entitled to partial summary judgment on the issue of liability for breach of the Policy under Count I of the Complaint.

Werner asks the Court to enter summary judgment that he is entitled to payment of the Policy limits in compensation for the value of his loss.  The Court denies summary judgment on this issue.  Under the IMFL, Werner only had the right to possess the Residence until 30 days after confirmation of the sale.  He had no right to redeem and recover full title of the Residence.  He could only recover the value of the loss to his right to possession of the Residence.  An issue of fact exists regarding the value of Werner's right to possess the Residence from July 31, 2017, the date of the Fire, until November 26, 2017, 30 days after the October 27, 2017 Confirmation Order.  Summary judgment is denied on the amount of damages owed to Werner for Auto-Owners' breach of the Policy under Count I of the Complaint.

Auto-Owners also seeks summary judgment on Werner's claim in Count II under 215 ILCS 5/155 for vexatious and unreasonable delay.  Section 155 provides for an award of attorney's fees and costs in appropriate cases if the insurer's actions were vexatious

and unreasonable.  215 ILCS 5/155.  Section 155 is penal in nature and is strictly construed.  Citizens First National Bank v. Cincinnati Ins. Co., 200 F.3d 1102, 1110 (7th Cir. 2000).  Insurers are only liable under § 155 if the "insurer's behavior was willful or unreasonable and without cause." Id.  The Seventh Circuit identified four circumstances in which the insurer's conduct is not vexatious and unreasonable:

> This means that an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law.

Id (internal citations omitted).  In this case, Auto-Owners took a reasonable legal position on an unsettled issue of law.  Auto-Owners did not act in a vexatious and unreasonable manner.  Auto-Owners is entitled to summary judgment on Werner's Count II § 155 claim.  Werner's arguments to the contrary are not persuasive.

## CONCLUSION

**THEREFORE, the Court ALLOWS in part and DENIES in part Defendant Auto-Owners Insurance Company's Motion for Summary Judgment (d/e 28) and Plaintiff William M. Werner's**

Motion for Summary Judgment (d/e 35).  The Court enters partial summary judgment in favor of Plaintiff William M. Werner on Count I of the Complaint (d/e 1) and finds that Defendant Auto-Owners Insurance Company is liable for breach of contract, but issues of fact remain as to the appropriate amount of damages for the breach; and the Court enters summary judgment in favor of Auto-Owners on Count II of the Compliant.  The Motions are otherwise DENIED.

ENTER:   April 9, 2021

                                      _____s/ SUE E. MYERSCOUGH_____
                                      UNITED STATES DISTRICT JUDGE